**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ROBERT YANEZ,

                        Plaintiff,

      -against-

HOME DEPOT U.S.A., INC., and ANDY CARBONE, *individually*,

                       Defendants.
-------------------------------------------------------------------X

Case No: 21-cv-3065

COMPLAINT

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, ROBERT YANEZ, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action alleging that Defendants have violated the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. ("FMLA"); The Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"); and the New York State Human Rights Law, New York State Executive Law §296, *et. seq.*("NYSHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability, his familial associations, and associations with a person with disabilities, and then being terminated in retaliation for requesting an accommodation and complaining of discrimination.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 29 U.S.C. § 2601, 42 U.S.C. § 12101, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state and

local law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as this is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC on April 23, 2021, with respect to the herein charges of discrimination and retaliation. A copy of the Notice is annexed hereto.

7. This Action is being commenced within ninety (90) days of receipt of said Right to Sue.

## PARTIES

8. At all times relevant, Plaintiff was and is a resident of the State of New York and Suffolk County.

9. At all times relevant, Defendant HOME DEPOT U.S.A., INC. ("HOME DEPOT") was and is a foreign business corporation, incorporated in the State of Delaware and headquartered in Atlanta, Georgia.

10. At all times relevant, Defendant has conducted and operated a business pursuant to, and by virtue of, the laws of the State of New York, with a brick and mortar business storefront located at 86 Jericho Turnpike, Jericho, NY 11753 (hereafter, "Jericho Store").

11. At all times relevant, Defendant ANDY CARBONE ("CARBONE") was and is an employee of Defendant HOME DEPOT holding the title of "Store Manager."

12. At all times relevant, Defendant CARBONE was Plaintiff's supervisor and had supervisory authority over Plaintiff. Defendant CARBONE had the authority to hire, fire or affect the

terms and conditions of Plaintiff's employment, or to otherwise influence the decisionmaker of the same.

13. Defendant HOME DEPOT and CARBONE are collectively referred to herein as "Defendants."

14. At all times relevant, Plaintiff was an employee of Defendants.

15. At all times relevant, Plaintiff was an eligible employee under the FMLA, ADA and NYSHRL.

## MATERIAL FACTS

16. In or around March 2007, Plaintiff began working for Defendant HOME DEPOT.

17. Plaintiff worked for Defendant HOME DEPOT for thirteen years, the last eleven years of which were spent in a supervisory position.

18. Throughout Plaintiff's employment with Defendants, Plaintiff was an exemplary employee and was well qualified for his position.

19. For example, in April 2018, he received a performance review in which he was found to exceed expectations in seven out of eleven categories and to meet expectations in the remaining categories.

20. Indeed, during his employment, Plaintiff continued to receive his yearly annual raises and was promoted several times while employed with Defendants.

21. In or about January 2018, Plaintiff was transferred to the Jericho Store working as a Tool Rental Department Supervisor. This transfer was given to Plaintiff because of Plaintiff's years of exemplary employment performance.

22. On or about September 20, 2018, Plaintiff requested to take intermittent FMLA leave to care for his wife, who is disabled as a result of various afflictions.

23. Plaintiff's FMLA request was granted and he was given a reduced-hours schedule from September 16, 2018 until March 16, 2019.

24. During the period Plaintiff was on intermittent FMLA leave, Defendant CARBONE became the new store manager assigned to the Jericho Store. Defendant CARBONE, shortly after becoming store manager, told Plaintiff he should resign the position of Tool Rental Department Supervisor, and be demoted to sales associate, due to Plaintiff's reduced-schedule needs. Plaintiff refused the suggested demotion.

25. Plaintiff understood Defendant CARBONE's demand for Plaintiff to resign and be demoted to a sales associate as an effort to retaliate against him for requesting and taking FMLA intermittent leave.

26. Plaintiff called Defendant HOME DEPOT's AwareLine to report Defendant CARBONE's retaliation. Defendant HOME DEPOT's AwareLine is a venue for employees to report discrimination, retaliation, and violence in the workplace.

27. In or around April 2019, Plaintiff was given a negative performance review that indicated his performance required improvement in several areas. Plaintiff's performance reviews prior to taking intermittent FMLA leave were consistently positive. This arbitrary and negative performance review was issued in retaliation for Plaintiff complaining about Defendant CARBONE's misconduct to Defendant HOME DEPOT's AwareLine.

28. In addition, Defendant CARBONE began failing to address the issues of Plaintiff's Tool Rental Department in store-wide meetings and failing to provide Plaintiff with adequate support and staffing to meet the needs of the Tool Rental Department.

29. Although Plaintiff repeatedly asked Defendant CARBONE for assistance, Defendant CARBONE failed to provide any support. Plaintiff's department continued to be neglected

by Defendant CARBONE, and Plaintiff's career development and advancement came to a halt.

30. Prior to Plaintiff taking FMLA intermittent leave to care for his disabled spouse, Plaintiff was included in store meetings and his ideas were supported.

31. Plaintiff started to become extremely stressed as a result of the hostile environment he suffered due to Defendants' actions. He sought medical attention when he began to develop abdominal pains as a result of stress.

32. Beginning in about March 2020, Plaintiff took a partially paid leave due to the global pandemic, including five weeks paid time off and four weeks of unpaid time off.

33. At the time Plaintiff returned from leave in or about June 2020, he was overdue to receive a performance evaluation, yet he did not receive one.

34. On or about June 2020, Plaintiff was issued an arbitrary and unwarranted write-up for sending management an email expressing concerns of multiple staff members in the Tool Rental Department who had pre-existing medical conditions that might be aggravated if they continued working in Plaintiff's department. Management claimed that the email was disrespectful.

35. During this meeting, Plaintiff asked for an accommodation due to his own health problems along with an accommodation to care for his wife as she battled her health problems. Plaintiff explained to Defendants that he had irritable bowel syndrome (IBS).

36. Defendants provided Plaintiff with paperwork for requesting an accommodation. However, Defendants failed to mention intermittent FMLA leave as an option, even though Plaintiff was eligible to utilize FMLA leave.

5

37. Thereafter, on or about June 25, 2020, Plaintiff submitted the accommodation request paperwork signed by his physician, Dr. Kim Zubrinic, affirming his need for an accommodation to address his own health issues and to care for his disabled wife. Specifically, he requested to be scheduled to work no earlier than 9:30 a.m. and no later than 9:00 p.m., with one weekday and one weekend day off per week. The request was for a duration of six months with potential renewal every six months.

38. On or about August 20, 2020, Defendants' management denied Plaintiff's request for an accommodation. Defendant CARBONE stated to Plaintiff that he would grant Plaintiff's request for an accommodation only if Plaintiff agreed to a transfer to a different department in the Jericho Store. Plaintiff declined as he believed the stress of a job change would exacerbate his health issues.

39. On or about August 24, 2020, Plaintiff complained to District Human Resources Manager John Minor (hereafter "Mr. Minor") about the denial of his accommodation, as well as the discrimination and retaliation he had experienced as a result of taking FMLA leave and asking for accommodations. In addition, Plaintiff contacted Defendant HOME DEPOT's AwareLine to report the same concerns.

40. Since January 2019, Plaintiff had made numerous calls to Defendant HOME DEPOT's AwareLine to report instances of manager misconduct, discrimination, and retaliation. However, this proved ineffective as Plaintiff's work environment became increasingly hostile.

41. Shortly thereafter, Defendant CARBONE issued Plaintiff an arbitrary write-up for "insubordination," in connection with punching in early to assist his team with a matter

that required immediate attention and then punching out 30 minutes early to avoid accruing overtime, as he had previously been instructed to do by store management.

42. On or about August 27, 2020, management put Plaintiff on unpaid administrative leave. He was told the reason for the leave was that he had reacted negatively to being written up.

43. On or about August 29, 2020, Defendants terminated Plaintiff's employment.

44. Departments' stated reason for terminating Plaintiff's employment was pretextual. The actual reason for the termination was retaliation for Plaintiff's request for an accommodation to attend to his own and his spouse's medical conditions.

45. Plaintiff dedicated thirteen years of his career and life working for Defendant HOME DEPOT.

46. Defendants were aware of Plaintiff's health condition and his responsibility to care for his disabled spouse as her sole caretaker.

47. Plaintiff's diagnosis of IBS qualifies as a disability protected under the ADA and NYSHRL.

48. Contrary to the law, Defendants failed/refused to engage in any interactive process when Plaintiff requested an accommodation in June 2020.

49. Defendants made no assessment to determine if an accommodation to Plaintiff would cause them undue hardship, difficulty, or expense.

50. Defendants also failed to provide any reasonable accommodation or engage in the interactive process to determine whether a reasonable accommodation could be suggested to Plaintiff.

51. Instead of engaging in any interactive process to determine whether a reasonable accommodation could be made, Defendants terminated Plaintiff's employment.

52. Defendants wrongfully denied Plaintiff's request for an accommodation.

53. Plaintiff was entitled to job-protected leave pursuant to the FMLA to care for his own serious medical condition and to care for his wife.

54. Defendants had no good faith business justification for terminating Plaintiff's employment.

55. Defendants knew or should have known their conduct was discriminatory and retaliatory and failed to take corrective measures within their control.

56. Upon information and belief, Defendants are aware of their obligations under the Family and Medical Leave Act, Americans With Disabilities Act, and the New York State Human Rights Law(s).

57. As a result of Defendants' discriminatory and retaliatory treatment of Plaintiff, he suffered and continues to suffer severe emotional distress.

58. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other damages, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

59. Defendants acted intentionally and intended to harm Plaintiff.

60. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## AS A FIRST CAUSE OF ACTION FOR RETALIATION AND INTERFERENCE
*In Violation of the Family and Medical Leave Act*

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

62. Section 2612(a)(1) of the Family Medical Leave Act states in pertinent part: an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:…(C) In order to care for the spouse… of the employee, if such spouse… has a serious health condition; (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

63. Section 2615 of the Family Medical Leave Act, states in pertinent part:

> (a) Interference with rights. (1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.
>
> (b) Interference with proceedings or inquiries. It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual— (2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided.

\* \* \*

64. Upon information and belief, Defendants could have allowed Plaintiff to properly exercise his FMLA leave which is a benefit Plaintiff is entitled to take.

65. Instead, Defendants interfered with Plaintiff's FMLA rights by unduly terminating Plaintiff's employment.

66. Defendants also retaliated against Plaintiff for his use of and request to use FMLA leave.

9

67. Defendants had no good faith business justification for any of the actions taken against Plaintiff as alleged herein.

68. As such, Plaintiff has been damaged as set forth herein.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
*In Violation of the Americans With Disabilities Act*

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. Section 12112 of the ADA, titled "Discrimination," provides:

> (a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

*   *   *

71. Defendant HOME DEPOT violated this section as set forth herein.

### AS A THIRD CAUSE OF ACTION FOR RETALIATION
*In Violation of the Americans With Disabilities Act*

72. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. The ADA prohibits retaliation, interference, coercion, or intimidation.

74. Section 12203 of the ADA provides:

> a) Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
>
> b) Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having

       exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

*   *   *

75. Defendant HOME DEPOT violated this section as set forth herein.

<strong>AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION</strong><br><em>In Violation of the New York State Executive Law</em>

76. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

77. The New York State Executive Law § 296(1)(a) provides in pertinent part:

       It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, **familial status**, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

*   *   *

78. Defendants violated this section as set forth herein.

<strong>AS A FIFTH CAUSE OF ACTION FOR RETALIATION</strong><br><em>In Violation of the New York State Executive Law</em>

79. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

80. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

81. Defendants violated this section as set forth herein.

**AS A SIXTH CAUSE OF ACTION**
*In Violation of New York State Law Aiding and Abetting*
(Against Defendant CARBONE)

82. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

83. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

84. Defendant CARBONE engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

**JURY DEMAND**

85. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

    A. Declaring that Defendants engaged in unlawful employment practices prohibited by the FMLA, ADA and the NYSHRL in that Defendants interfered with Plaintiff's rights, denied Plaintiff's request for accommodation, discriminated against Plaintiff on the basis of his actual and/or perceived disability and association status, and retaliated against Plaintiff, resulting in his unlawful termination;

    B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff liquidated damages;

F. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: New York, New York
      May 28, 2021

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**


By:_____/s/_____
Marjorie Mesidor, Esq.
Steven R. Filosa, Esq.
*Attorneys for Plaintiff*
585 Stewart Avenue
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901-2107
mmesidor@tpglaws.com
sfilosa@tpglaws.com